# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER ROLAND FENNER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:22-CV-1394-G-BH** |
| | ) | |
| **DALE HANNA et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge[1]** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's complaint should be dismissed in its entirety because it is frivolous and fails to state a claim upon which relief may be granted. All claims should be **DISMISSED** with prejudice with the exception of those barred by *Heck v. Humphrey*, which should be **DISMISSED** without prejudice to their being brought again should the plaintiff's state criminal convictions be set aside.

## I. BACKGROUND

Christopher Roland Fenner (Plaintiff), a Texas state prisoner, sues two judges (Judges)[2]; the prosecutors who tried his state criminal case[3] (Prosecutors); his defense attorneys[4] (Defense Attorneys); Don Stoner, a Texas Ranger who arrested him (Ranger); several local law enforcement

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] The named judges are 249th District Court Judge Dennis Wayne Bridewell (Judge Bridewell) and Judge Ronald Webb, a Somervell County justice of the peace (Judge Webb). (doc. 3 at 3; doc. 11 at 4, 8.)

[3] The prosecuting attorneys named in the pleadings are Dale Stanley Hanna, who is alleged to be the District Attorney for Johnson and Somervell Counties; Paul Hable; Trey Brown; Brent Huffman; Bryan Bufkin; Mark Pratt; and Matthew Boyle. (doc. 3 at 3, 9, 17.)

[4] The defense attorneys named in the pleadings are Dick Turner, Michael Rogers, Daren Van Slyke, Bill Conover, Richard De Los Santos, Rey De Los Santos, Patrick Barkman, and Robert Ward. (doc. 11 at 21–36.)

officers involved in his arrests[5] (Officers); Melanie Bybee, an administrative assistant for the Somervell County Sheriff's Department (Assistant); his probation officers[6] (Probation); and Johnson and Somervell Counties (Counties) (Defendants). (*See generally* docs. 3; 11; 11-1.) He alleges that Defendants violated the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution; the Texas Constitution; and various state laws, and he challenges his convictions and resulting detention. (*Id.*)

Plaintiff was charged in a state indictment with aggravated sexual assault of a child and indecency with a child; he was arrested on July 22, 2010, by Ranger based on an arrest warrant issued the previous day, July 21, 2010. (doc. 3 at 7, 9, 11.)[7] On November 15, 2010, he pleaded guilty to both charges. (*Id.*) The state court entered a judgment convicting Plaintiff of aggravated sexual assault of a child and sentencing him to five years in prison. (*Id.* at 9.) It also entered an order of deferred adjudication, providing that Plaintiff would be found guilty of indecency with a child and sentenced to twenty years in prison if he violated the terms of his community supervision upon his release from prison. (*Id.* at 11.) One of those conditions was the requirement that he register as a sex offender. (*Id.* at 13.)

Plaintiff apparently served his five-year term of imprisonment and was released. (docs. 3 at 17; 11-1 at 10.) He claims that while under community supervision on August 16, 2017, he filed a criminal complaint against an unidentified individual for an unspecified crime, for which he was due

---

[5] The local law enforcement officers named in the pleadings are Anthony Wayne Yocham; D. Mansell, whose first name was not provided; Leona Yocham; and J. Novian, whose first name was not provided. (docs. 11 at 6; 11-1 at 2, 5, 6.) All appear to be members of local police departments, either at the county or city level. (*Id.*)

[6] The probation officers named in the pleadings are Jason Murphy and Yolanda Slawson. (doc. 11-1 at 3–4.) They appear to be employed by Johnson County Adult Probation. (*Id.*)

[7] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2

to testify before a grand jury on November 1, 2017. (doc. 3 at 17.) On October 26, 2017, however, he was detained and charged with failure to register as a sex offender as required by the terms of his community supervision. (doc. 11-2 at 6.) In 2018, he was convicted and sentenced to twenty years in prison, minus his previous time incarcerated and good time credits, and he is currently serving that sentence. (doc. 3 at 14, 18.)

Plaintiff now challenges his 2011 convictions and his consequent incarceration and term of community supervision. (*See generally* docs. 3; 11; 11-1.) He alleges that the 2010 arrest warrant was issued without probable cause, that the affidavit upon which it was based was deficient, and that Ranger assaulted him when carrying out the arrest. (docs. 3 at 17; 11 at 10.) He also alleges that he was "sentenced twice for the same offense" in violation of the Fifth Amendment, that he was improperly induced to enter into his guilty plea, and that he was under the influence of prescription medication that rendered his plea involuntary. (*Id.*) He claims that he was wrongfully detained in 2018 and that his probation officers and local law enforcement abused their authority and violated his constitutional rights by impermissibly searching his home. (docs. 3 at 17–18; 11-1 at 3–4.) He accuses his defense attorneys of providing ineffective assistance of counsel in violation of the Sixth Amendment. (doc. 11 at 25, 29, 31, 33, 35.) He also alleges that several of his attorneys conspired with state actors to violate his constitutional rights. (*Id.* at 22, 24, 26, 28, 36.) Finally, he alleges that several of the judges and attorneys involved conspired to obtain his convictions and neglected to recuse themselves despite their conflicts of interests. (*See, e.g.*, *id.* at 22, 24, 34.)

Plaintiff seeks to be "compensated for the 12 years" he has been incarcerated, immediate release from state prison, the reinstatement of his law enforcement licensure and expired Texas driver's license, expungement of his criminal record, and "any other relief this [court] deems fit."

(docs. 3 at 18; 11 at 2.) He also asks that all Defendants be ordered to recite the United States and Texas Constitutions. (*See* doc. 11 at 10.)

## II. PRELIMINARY SCREENING

As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. HABEAS RELIEF

Plaintiff challenges his convictions and seeks release from imprisonment under 42 U.S.C. § 1983.[8] (*See* doc. 3 at 18.) He also sues Defense Attorneys for ineffective assistance of counsel in violation of the Sixth Amendment, which is a claim for habeas relief.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam) (citing *Serio v. Members of La. State Bd. of Pardons*, 821

---

[8] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).

F.2d 1112 (5th Cir. 1987)).[9] Habeas relief is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A plaintiff cannot challenge the fact or duration of confinement in a § 1983 action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Plaintiff's claims for habeas relief should be dismissed.

### IV. INDIVIDUAL CAPACITY CLAIMS

Plaintiff claims against Defendants in their individual capacities for alleged violation of his constitutional rights are are liberally construed as asserting claims under 42 U.S.C. § 1983.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A.    Judicial Immunity

Plaintiff seeks damages and equitable relief from Judges. (doc. 11 at 4, 8.)[10]

The Supreme Court has recognized absolute immunity for judges acting in the performance

---

[9] Plaintiff also alludes to Defense Attorneys' having represented him despite having a conflict of interest. (doc. 11 at 34.) It is unclear from the pleadings precisely what conduct he is challenging, but to the extent he alleges that this conflict impacted the quality of Defense Attorneys' representation, that claim falls within the scope of his Sixth Amendment ineffective assistance of counsel claims.

[10] Plaintiff's responses to a magistrate judge's questionnaire are considered an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

5

of their judicial duties.[11] *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges enjoy absolute immunity from § 1983 suits. *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). They are immune from suit for damages resulting from any judicial act unless performed in "the clear absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Judges are also generally immune from suits seeking injunctive relief. 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Allegations of bad faith or malice do not overcome judicial immunity. *Mireles*, 502 U.S. at 11.

Here, Plaintiff makes no specific allegations that Judges acted outside the scope of their judicial duties. He sues them purely on the basis of their handling of his criminal case, which is conduct that falls squarely within the scope of a judge's judicial obligations.  Because the alleged conduct was within the scope of their judicial duties, the judges are entitled to judicial immunity from any federal claims against them in an individual capacity.  To the extent that Plaintiff's filings may be liberally construed as asserting any state law  individual capacity claims against the judges, they are also entitled to judicial immunity as to those claims because "'Texas courts employ the same judicial immunity analysis as the federal courts in this Circuit[.]'"  *See Thomas v. State*, 294 F. Supp. 3d 576, 601 (N.D. Tex. 2018) (quoting *Durrance v. McFarling*, No. 4:08-CV-289, 2009 WL 1577995, at *3 (E.D. Tex. June 4, 2009) (in turn citing *Hawkins v. Walvoord*, 25 S.W.3d 882,

---

[11] Texas magistrate judges and justices of the peace enjoy this immunity just as other types of state judges do. *See Blakely v. Andrade*, 360 F.Supp.3d 453, 475 (N.D. Tex. 2019); *see also Scott v. Leonie*, No. SA-23-CV-00658-XR, 2023 WL 5659052, at *2 (W.D. Tex. Aug. 30, 2023).

890 (Tex. App.—El Paso 2000, pet. denied))); *see also Sharp v. Palmisano*, No. 13-5429, 2013 WL 5969661, at *4 (E.D. La. Nov. 8, 2013) (citing *Hawkins*, 25 S.W.3d at 890) (recognizing that Texas's judicial immunity principles mirror the federal judicial immunity doctrine). Accordingly, Plaintiff's claims against Judges in their individual capacities should be dismissed for failure to state a claim because they are barred by judicial immunity. *See Nalls v. LaSalle*, 568 F. App'x 303, 304–05, 307 (5th Cir. 2014) (per curiam) (affirming the district court's dismissal of the plaintiff's § 1983 claims for failure to state a claim based on judicial immunity).

## B.    <u>Prosecutorial Immunity</u>

Plaintiff sues Prosecutors, arguing that in pursuing the criminal case against him they conspired with the judges to obtain the unlawful convictions and impose the unconstitutional sentences. (doc. 11 at 2, 17–20, 22, 24, 28, 34, 36.)

Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). This immunity extends to municipal prosecutors. *Melton v. Frank*, 114 F.3d 1184 (5th Cir. 1997) (per curiam) (holding that municipal prosecutors are entitled to absolute prosecutorial immunity from § 1983 damage claims); *see also Smith v. Connick*, No. 13-52, 2014 WL 585616, at *1–4 (E.D. La. Feb. 14, 2014) (finding that municipal prosecutors are immune from claims under 42 U.S.C. §§ 1983, 1985, and 1988). The Supreme Court has explained that "conduct in 'initiating a prosecution and in presenting the State's case,' … insofar as that conduct is 'intimately associated with the judicial phase of the criminal process'" is entitled to such immunity. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430–31). Absolute immunity protects prosecutors from liability even when they act "maliciously, wantonly, or negligently." *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985). However,

absolute immunity does not protect prosecutors from liability "when they act outside of their role in the judicial process, for instance, when they engage in administrative or investigative acts." *Bogard v. Lowe*, No. SA-21-CV-00021-FB, 2022 WL 1050332, at *6 (W.D. Tex. Apr. 6, 2022) (citing *Burns*, 500 U.S. at 493).

Plaintiff's claims against Prosecutors appear to stem solely from their criminal prosecution of him. His vague and conclusory conspiracy allegations are insufficient to plausibly allege that they acted outside of their prosecutorial roles. *See Kimble v. Par. of Jefferson*, No. 21-409, 2021 WL 6618459, at *12 (E.D. La. Nov. 3, 2021), *rec. accepted* 2022 WL 185197 (E.D. La. Jan. 20, 2022), *aff'd* 2023 WL 1793876 (5th Cir. Feb. 7, 2023) (per curiam) (citing *Young*, 938 F.2d at 569). Prosecutors enjoy absolute immunity from suit and the claims against them should be dismissed.

## C.    <u>State Action</u>

Plaintiff sues Defense Attorneys, alleging that they engaged in a conspiracy with Judges and Prosecutors to violate his constitutional rights.[12] (doc. 11 at 21–36.)

As noted, § 1983 provides redress for violations of a citizen's constitutional rights. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). A plaintiff may assert a conspiracy under § 1983. *See Golla v. City of Bossier City*, 687 F. Supp. 2d 645, 662 (W.D. La. 2009) (citing *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995)). To state a conspiracy claim under § 1983, a plaintiff must allege facts to support "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d

---

[12] Plaintiff alleges that some of Defense Attorneys engaged in this conspiracy and therefore that their conduct constitutes state action for purposes of his § 1983 claims. (doc. 11 at 22, 24, 28, 34, 36.) In response to a questionnaire, however, he expressly declined to allege a conspiracy with respect to two of the Defense Attorneys. (*Id.* at 30, 32.) These two Defense Attorneys are not state actors and cannot be held liable under § 1983. *See Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (the phrase "under color of law" in § 1983 excludes private action from its scope).

1178, 1187 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992). A plaintiff must also show that the defendants agreed to commit actions that violated his or her constitutional rights. *Lewis v. Law-Yone*, 813 F. Supp. 1247, 1256 (N.D. Tex. 1993) (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). A bald allegation that a conspiracy exists, unsupported by any factual allegations, is insufficient. *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987); *see also Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994) (stating that a plaintiff is required to allege facts sufficient to suggest an agreement among one or more parties).

Here, Plaintiff alleges that Judges, Prosecutors, and Defense Attorneys conspired to impose unconstitutional convictions and sentences. (doc. 11 at 22, 24, 26, 28, 34, 36.) He alleges no facts to support the claim that these individuals entered into an agreement to violate his constitutional rights, however. Indeed, he provides no factual allegations supporting his claim that an agreement existed between Defense Attorneys and any state actor. His conclusory and vague allegations regarding the existence of a conspiracy are insufficient to state a cognizable claim. His § 1983 claims against Defense Attorneys should therefore be dismissed for failure to state a claim.

### D.    **Texas Penal Code**

Plaintiff also asserts a number of claims under the Texas Penal Code. (*See, e.g.*, docs. 11 at 4, 6, 17; 11-1 at 3, 6.)

"Texas does not recognize private causes of action for penal code violations." *Joyner v. DeFriend*, 255 S.W.3d 281, 283 (Tex. App.–Waco 2008, no pet.) (citing *Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998)); *see also Kiggundu v. Mortgage Elec. Registration Sys., Inc.*, No. 4:11-1068, 2011 WL 2606359, at *6 n.79 (S.D. Tex. June 30, 2011), *aff'd by* 469 F. App'x 330 (5th

Cir. 2012) (holding claim under Texas Penal Code § 32.47 "fail[ed] as a matter of law because the

Texas Penal Code does not create a private right of action); *Mathis v. DCR Mortg. III Sub, I, LLC*,

952 F. Supp. 2d 828, 836 (W.D. Tex. 2013) (dismissing claim for forgery in violation of the Texas

Penal Code because "the Texas Penal Code does not create a private cause of action"). Plaintiff's

claims under the Texas Penal Code should therefore be dismissed for failure to state a claim.[13]

## V. OFFICIAL CAPACITY CLAIMS

Plaintiff sues Defendants in their official capacities. (*See* doc. 3 at 18.)[14]

### A.    Municipal Liability

Plaintiff appears to bring claims against Counties. (doc. 11 at 12, 14.) He also sues Officers

and Assistant in their official capacities. (docs. 11 at 6, 15; 11-1 at 2, 5–6.)

Municipalities, including counties and cities, may be held liable under § 1983. *Hampton Co.*

---

[13] Under 28 U.S.C. § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Tex. Star Salon, LLC*, No. 3:06-CV-879-BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3). This rule is "neither mandatory nor absolute," however. *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a plaintiff's] right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). Here, all three factors weigh in favor of retaining jurisdiction over Plaintiff's state law claims. The Court therefore should exercise supplemental jurisdiction and consider the claims on the merits. *See Thomas*, 294 F.Supp.3d at 613.

[14] Plaintiff's original complaint expressly alleged that he was suing all Defendants in both their official and individual capacities. (doc. 3 at 18.) In response to the questionnaire, however, he stated that he was suing Defendants in their individual capacities only. (*See generally* docs. 11; 11-1.) Because the pleadings of a *pro se* plaintiff should be liberally construed, both the official and individual capacity claims are addressed out of an abundance of caution. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992).

*Nat'l Sur., LLC v. Tunica Cnty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City of Hurst*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397 (1997)). It is well-settled that a municipality cannot be liable under a theory of respondeat superior, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 … requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010); *Cox v. City of Dall.*, 430 F.3d 734, 748 (5th Cir. 2005); *Jones*, 2006 WL 522127, at *3 (citing *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 532–33 (5th Cir. 1996)).

"Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially constitutional, a plaintiff must demonstrate that it was promulgated with deliberate indifference to known or obvious

consequences that constitutional violations would result. *Piotrowski*, 237 F.3d at 579–80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849–50 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

"The description of a policy or custom and its relationship to the underlying constitutional violation … cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d at 578–79. "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). In *Spiller*, the Fifth Circuit found the allegation that "[an officer] was acting in compliance with the municipality's customs, practices or procedures" insufficient to plead municipal liability. 130 F.3d at 167. It also found that an assertion that several policies "'led to' unspecified 'unconstitutional arrests and confinements,'" and that a department policy of "engag[ing] in conduct toward African American citizens without regard to probable cause to arrest" were too vague and conclusory to support alleged municipal liability under *Monell*. *Id*.

In addition, a single incident is insufficient to infer an official policy or custom. *See World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753–54 (5th Cir. 2009); *Pineda*, 291 F.3d at 329; *Piotrowski*, 237 F.3d at 581; *see also Hester v. Dall. Cnty. Jail*, No. 3:11-CV-3099-

12

B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012), *adopted by* 2012 WL 1437747 (N.D.

Tex. Apr. 25, 2012) ("His single alleged incident is insufficient to infer that Dallas County has an

official customary policy or custom of failing to protect inmates at the county jail.").

   Here, Plaintiff's allegations regarding the Counties' liability are vague and conclusory. (doc.

11 at 12, 14.) He alleges that the district attorney, as the relevant policy-maker, "withheld evidence"

in Plaintiff's case, "[doesn't] follow the letter of the law[,]" and "[doesn't] follow the laws or the

Constitutions." (*Id.*) Plaintiff does not allege facts supporting the conclusion that the district attorney

is a policy-maker for purposes of municipal liability, nor does he allege any facts to support his

contention that Counties have an official policy or custom of violating the law. Accordingly, his

claims against Counties, to the extent he indeed asserts such claims, should be dismissed for failure

to state a claim.

   Additionally, the claims against Officers and Assistant in their official capacities are claims

against the municipality itself. *See Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996) ("A suit

against the Sheriff in his official capacity is a suit against the County."). Municipal liability therefore

applies to these claims as well. *Id.* at 585–86. Because Plaintiff has failed to state a claim under

*Monell*, any official capacity claims against Officers and Assistant should also be dismissed.

## B.   Eleventh Amendment Immunity

   The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of the United

States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const.

amend. XI. "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R.*

*Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an

unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328–29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT & T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit here, nor has Congress abrogated the Eleventh Amendment immunity by enacting § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam). Additionally, "Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a)." *Roberson*, 2005 WL 2673516, at *1 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)).

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's suit against Judges, Prosecutors, Probation, and Ranger in their official capacities is a suit against the State. *See Florance v. Buchmeyer*, 500 F.Supp.2d 618, 638–39 (N.D. Tex. 2007); *see also Elie v. Ashford*, No. 3:16-CV-2032-L-BH, 2016 WL 4276009, at *2 (N.D. Tex. July 14, 2016),

*adopted by* 2016 WL 4268930 (N.D. Tex. Aug. 15, 2016). Additionally, the Fifth Circuit "has stated

on numerous occasions that district attorneys and assistant district attorneys in Texas are agents of

the state when acting in their prosecutorial capacities." *Quinn v. Roach*, 326 F. App'x 280, 292 (5th

Cir. 2009) (collecting cases). "Probation officers and their supervisors acting in their official

capacities are entitled to sovereign immunity" as well. *Washington v. Bolin*, No. 4:11-CV-781, 2011

WL 3420440, at *5 (S.D. Tex. Aug. 4, 2011) (first citing *Algeria v. Williams*, 314 F. App'x 687, 689

(5th Cir. 2009); and then citing *Clark v. Tarrant Cnty.*, 798 F.2d 736, 745 (5th Cir. 1986)).

Although all of Plaintiff's official capacity claims against Judges, Prosecutors, Probation,

and Ranger would normally be barred by Eleventh Amendment immunity, the Supreme Court has

created an exception for suits for injunctive or declaratory relief against individual state officials.

*Raj*, 714 F.3d at 328 (citing *Ex Parte Young*, 209 U.S. 123, 155–56 (1908)); *see also Nelson v. Univ.

of Tex. at Dall.*, 535 F.3d 318, 321–22 (5th Cir. 2008) ("Pursuant to the *Ex Parte Young* exception,

the Eleventh Amendment is not a bar to suits for prospective relief against a state employee acting

in his official capacity."). Under this exception, "claims against state officials for prospective

injunctive relief under § 1983 … are not barred by sovereign immunity." *Kobaisy v. Univ. of Miss.*,

624 F. App'x 195, 198 (5th Cir. 2015) (per curiam) (citing *Nelson*, 535 F.3d at 324); *see May v. N.

Tex. State Hosp.*, 351 F. App'x 879, 880 (5th Cir. 2009) (per curiam) (citing *Aguilar v. Tex. Dep't

of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998) (stating that the *Ex Parte Young* exception

"applies to suits that allege a violation of federal law that are 'brought against individual persons

in their official capacities as agents of the state, and the relief sought must be declaratory or

injunctive in nature and prospective in effect.'"). To decide whether this exception applies, "a court

need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing

violation of federal law and seeks relief properly characterized as prospective." *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011).

Here, Plaintiff seeks mixed relief. For example, he requests only equitable relief with respect to Judge Bridewell, but he seeks damages and equitable relief with respect to Judge Webb.[15] (doc. 11 at 4, 8.) All claims seeking damages or retroactive equitable relief against Judges, Prosecutors, Probation, and Ranger in their official capacities are barred by Eleventh Amendment immunity. *See Liu v. Tex. State Univ.*, No. A-18-CV-00938-LY, 2019 WL 3804491, at *5 (W.D. Tex. Aug. 12, 2019), *adopted by* 2019 WL 13253483 (W.D. Tex. Aug. 30, 2019) (holding that plaintiff's § 1983 claims for damages were barred, but claims for prospective relief survived). The rest of Plaintiff's official capacity claims against these defendants are not barred under the Eleventh Amendment.

## VI. *HECK* BAR

The following claims, some of which are individual capacity claims and some of which are official capacity claims, remain: official capacity claims against Judge Bridewell under the Fifth Amendment and Texas Constitution, to the extent those claims seek prospective equitable relief; official capacity claims against Judge Webb, under the Fourth Amendment and Texas Constitution, to the extent those claims seek prospective equitable relief; official capacity claims against Prosecutors, under the Fifth Amendment, Eighth Amendment, Fourteenth Amendment, and Texas Constitution, to the extent those claims seek prospective equitable relief; individual capacity claims against Officers under the Fourth Amendment, Fifth Amendment, Fourteenth Amendment, and Texas Constitution; official capacity claims against Ranger, under the Eighth Amendment and Fourteenth Amendment, to the extent those claims seek prospective equitable relief; individual

---

[15] As discussed above, Plaintiff cannot receive the habeas relief requested against Judges.

capacity claims against Ranger under the Eighth Amendment and Fourteenth Amendment; and official and individual capacity claims against Probation under the Fifth Amendment.

When a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, *Heck v. Humphrey* provides that the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.[16] 512 U.S. 477, 486–87 (1994). *Heck* applies to claims seeking declaratory and injunctive relief as well as those seeking damages. *Shabazz v. Franklin*, 380 F.Supp.2d 793, 805 (N.D. Tex. 2005) (first citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); and then citing *Clarke*, 154 F.3d at 190–91). "The Supreme Court's holding in *Heck* … applies to bar claims against defendants in both their individual and official capacities." *Darnell v. Sabo*, No. 4:19-CV-871-O, 2022 WL 16577866, at *5 (N.D. Tex. Nov. 1, 2022) (citing cases).

To the extent it applies in this case, *Heck* also precludes claims brought under the Texas Constitution. *See, e.g.*, *Richardson v. Avery*, No. 3:16-CV-2631-M-BH, 2018 WL 5269860, at *6 n.9 (N.D. Tex. Oct. 1, 2018); *see also Fields v. Nelms*, No. 3:15-CV-0879-P, 2015 WL 3407955, at *1 (N.D. Tex. May 27, 2015) (citing *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000)) (recognizing that *Heck* applies to "state law claims based on the same premise as constitutional

---

[16] When a claim that would otherwise be barred by this rule is appropriate for early and final determination, a court is not required to consider whether the *Heck* bar applies to that claim. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. 256th Jud. Dist. Ct.*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues"). Those issues that were appropriate for early and final determination in this case were addressed in the preceding discussions.

17

claims").

Here, Plaintiff asserts several civil rights claims directed at different stages of his underlying criminal proceedings, which if successful, would necessarily imply the invalidity of his conviction or sentence. Because *Heck* applies to these claims, Plaintiff must demonstrate that his allegedly improper convictions have been reversed, invalidated, or expunged prior to bringing them under § 1983. In response to a questionnaire asking whether his convictions had been overturned, Plaintiff alleges simply that the criminal case "was invalid from its inception[.]" (doc. 11-1 at 12.) He admits, however, that there has been no final decision rendered displacing his convictions. (*Id.*) Therefore, the claims to which *Heck* applies are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson*, 101 F.3d at 424.

## VII. STATUTE OF LIMITATIONS

Liberally construed, Plaintiff appears to allege that Probation's handling of Plaintiff's term of community supervision violated his rights under the Fourteenth Amendment. (doc. 11-1 at 3–4.) This claim does not necessarily imply that his underlying convictions would be invalid, and therefore is not barred by *Heck*. However, these claims should be dismissed as time-barred.[17]

Courts "may raise the defense of limitations *sua sponte*." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski*, 237 F.3d at 576. Texas law imposes a two-year statute of limitations for personal injury claims. Tex. Civ.

---

[17] "[B]ecause *Heck* dictates that a cause of action seeking damages under § 1983 for an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated," Plaintiff's constitutional claims to which the *Heck* bar applies are not untimely. *Stephenson v. Reno*, 28 F.3d 26, 27–28 (5th Cir. 1994).

Prac. & Rem. Code § 16.003(a). Accordingly, Plaintiff "had two years to file suit from the date" that his § 1983 claims accrued. *Piotrowski*, 237 F.3d at 576; *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). In general, a claim accrues "when the plaintiff has 'a complete and present cause of action' or, stated differently 'when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> Under federal law, the [limitations] period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted). In other words, "[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Here, Plaintiff knew the facts that form the basis of his claims at least in 2018, when the last allegedly unconstitutional event took place. (doc. 3 at 18.) In other words, Plaintiff had sufficient information to know of his alleged injury for approximately four years before he brought this lawsuit. Additionally, he has failed to plead any basis for tolling of the limitations period.[18] Plaintiff

---

[18] Plaintiff alleges that the statute of limitations is tolled because of his "rights being violated since the beginning of this mess" in July 2010. (doc. 11-1 at 10.) The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Equitable tolling is appropriate in cases where a plaintiff is prevented in some extraordinary way from asserting his rights. *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Because Plaintiff has failed to allege that extraordinary

has therefore brought these claims outside of the two-year statute of limitations. A complaint that is barred by the statute of limitations is frivolous and fails to state a claim. *See Pantoja v. Fort Worth Tex. Police Dep't*, 543 F. App'x 379, 379–80 (5th Cir. 2013) (per curiam) (affirming district court's dismissal of time-barred complaint as frivolous and for failure to state a claim). Any surviving constitutional claims should therefore be dismissed as time-barred.

To the extent any state constitutional claims remain, they are likewise time-barred. Although some provisions of the Texas Constitution are subject to Texas's residual four-year limitations period, *see Shelby v. The City of El Paso*, No. EP-12-CV-0200-DCG, 2013 WL 12086210, at *8 & n.12 (W.D. Tex. June 5, 2013), the facts supporting each of Plaintiff's claims under the Texas Constitution occurred in 2010 and 2011. (*See generally* docs. 11; 11-1.) Any surviving state constitutional claims should also be dismissed as time-barred.

### VIII. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96-CV-2923-D, 3:97-CV-0353-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*,

---

circumstances prevented him from pursuing these claims, the statute of limitations is not tolled.

188 F.3d 322, 327 (5th Cir. 1999). A verified questionnaire allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint.").

Here, Plaintiff has responded to a questionnaire and has had ample opportunity to amend his complaint. He has therefore pleaded his best case, and further leave to amend is not warranted.

## IX. RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's complaint should be dismissed in its entirety because it is frivolous and fails to state a claim upon which relief may be granted. All claims should be **DISMISSED** with prejudice with the exception of those barred by *Heck*, which should be **DISMISSED** without prejudice to their being brought again should the plaintiff's state criminal conviction be set aside.

**SO RECOMMENDED on this 3rd day of November, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE