IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ROLAND FENNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1394-G-BN |
| | § | |
| DALE HANNA, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

On December 16, 2023, the Court entered judgment dismissing Fenner's claims with prejudice as legally frivolous and for failure to state a claim except for certain claims barred by *Heck v. Humphrey*, which were dismissed without prejudice to being brought again should Fenner's convictions be overturned. *See* Dkt. Nos. 21, 26, 27. Fenner did not appeal.

Almost two years later, on October 20, 2025, Fenner filed a motion for relief under Federal Rule of Civil Procedure 60(b). *See* Dkt. No. 29. To the extent that the claims in the motion appeared to be challenging his underlying state conviction rather than seeking relief from the final judgment in this action, they were severed into a new habeas corpus action under 28 U.S.C. § 2254. *See* Dkt. No. 30.

Any unsevered claims in the Rule 60(b) motion remain referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. And the undersigned enters these findings of fact, conclusions of law, and recommendation

that the Court should deny the motion.

Fenner claims to rely on all the grounds for relief from a final judgment in Rule 60(b) and states that "[a]ll of the grounds can be proved by the lower court records." Dkt. No. 29 at 2. He further explains that the defendants are not immune from suit because "the lower courts" did not have jurisdiction. *Id.*

Rule 60(b)'s purpose "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981)).

So "[t]he extraordinary relief [it] afford[s] … requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985)); *see also Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) ("[R]elief under Rule 60(b) is considered an extraordinary remedy," such "that the desire for a judicial process that is predictable mandates caution in reopening judgments." (cleaned up)).

And motions under Rules 60(b)(1), (2), and (3) must be made "no more than a year after the entry of the judgment or the date of the proceeding." FED. R. CIV. P. 60(c)(1). So Fenner's motion is untimely with respect to Rules 60(b)(1), (2), and (3).

As for Rule 60(b)(6), it is an option that "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 596 U.S. 528, 533 (2022). So Fenner's motion is not properly brought under Rule 60(b)(6).

And Fenner's motion does not provide any nonconclusory support for a claim that this Court's judgment is void; has been satisfied, released, or discharged; is based on an earlier judgment that has been reversed or vacated; or can no longer be equitably applied prospectively. *See* FED. R. CIV. P. 60(b)(4), (5).

Fenner's claim appears to be that the state court criminal judgments are void because they lacked jurisdiction. *See* Dkt. No. 29 at 2, 3. But to the extent that claim relates to this Court's determination that the judicial defendants were entitled to judicial immunity, it is a claim of legal error, which is covered by the term "mistake" in Rule 60(b)(1) and, therefore, untimely. *See Kemp*, 596 U.S. at 534.

So the unsevered claims in Fenner's motion under Federal Rule of Civil Procedure 60(b) should be denied.

**Recommendation**

The Court should deny the unsevered claims in Plaintiff Christopher Roland Fenner's motion under Federal Rule of Civil Procedure 60(b) [Dkt. No. 29], but should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 17, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE